# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>    **Plaintiff,** )<br>  )<br>  v.  )<br>  )<br>**CLARENCE SMITH, JR., ANGEL ROBERTO** )<br>**MARTINEZ, and YADSER MARTINEZ-CRUZ** )<br>    **Defendants.** )<br>  ) | Case No. 3:20-cr-0044 |

## ORDER

**BEFORE THE COURT** is the United States of America's (the "Government") motion to continue the jury trial in this matter currently scheduled for May 16, 2022. (ECF No. 91.) The Government's request is opposed by Defendant Clarence Smith, Jr. ("Smith"). For the reasons stated herein, the Court will grant the Government's motion and extend the time to try this case up to and including November 7, 2022.

The primary reason the Government states for its request is that the Assistant United States Attorney currently assigned to the case has been ordered to active duty for a period of six months by the United States Army. ECF No. 91, at 1. The Court finds that while the Government's ability to proceed with a different Assistant United States Attorney does not render continuation of this proceeding impossible, it would result in a miscarriage of justice to push this matter to trial less than two weeks from the date of this Order without the attorney who has been primarily assigned to this case. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (giving equal consideration to both defendants and the Government in permitting an exclusion of time to maintain continuity of counsel as well as allow reasonable time necessary for effective preparation); *see also United States v. Stallings*, 701 F. App'x 164, 170-71 (3d Cir. 2017)(upholding an ends of justice continuance based in part on counsel's family emergency and scheduling conflicts); *cf. United States v. Moore*, 216 F. Supp. 3d 566, 581 (E.D. Pa. 2016) (finding that the Speedy Trial Act was not violated where the court granted a continuance based on defense counsel's scheduling conflicts). Despite Smith's objection, the Court finds that permitting a continuance for this reason best serves the ends of justice.

Weighing the factors set forth in 18 U.S.C. § 3161, the Court finds that continuing this matter and extending the period within which Defendant may be tried under the Speedy Trial Act best serves the interests of justice.

The premises considered, it is hereby

**ORDERED** that the Government's motion to continue, ECF No. 91, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through November 7, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** each file a notice indicating their readiness for trial no later than October 26, 2022; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than October 31, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than November 2, 2022;[1] and it is further

**ORDERED** that the jury selection and trial in this matter previously scheduled for May 16, 2022, is hereby **RESCHEDULED** to commence promptly at 9:00 a.m. on November 7, 2022, in St. Thomas Courtroom 1 before Chief Judge Robert A. Molloy.

**Dated:** May 5, 2022                    /s/ *Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.